11 CIV. 8348

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAN CONTANT,
    Petitioner,

v.

DANIEL M. RENAUD,
VERMONT SERVICE CENTER
DIRECTOR, UNITED STATES
CITIZENSHIP & IMMIGRATION
SERVICES,
    Respondent.



PETITION FOR WRIT OF MANDAMUS

## Introduction

Petitioner, Ison Contant, pro se, files the instant petition for writ of mandamus ("Petition"), seeking review of a decision by United States Citizenship and Immigration Services ("CIS") to deny his I-360 petition.

## Analysis

Petitioner is proceeding pro se in this Petition and asks that the Petition be construed liberally. Estelle v. Gamble, 429 U.S. 97 (1976).

## Factual Background

Isan Contant ("Contant"), a native of Trinidad and Tobago, came to the United States in 2004 as a non-immigrant visitor. In 2005, he married a United States Citizen, and was residing in New York, New York

On June 16, 2008, Contant filed an I-360 Petition with CIS seeking special immigrant classification, and alleging that he was a battered spouse. On August 24, 2009, CIS denied the petition, finding that Contant met all of the criteria for this classification except one - that was a person of good moral character.

In finding that Contant did not establish that he was a person of good moral character, CIS relied on his conviction for possession of a controlled substance, despite noting that his appeal of this conviction was pending. CIS also relied on the fact of Contant's arrests which did not result in convictions in making its determination. See Exhibit 1, CIS Denial.

On September 28, 2009, Contant filed a Motion for Reconsideration of the decision of CIS denying his I-360 Petition. On July 8, 2010, CIS denied the Motion for Reconsideration. See Exhibit 2, CIS Motion Denial.

## Jurisdiction

This Court has jurisdiction over this Petition pursuant to the federal mandamus statute (28 U.S.C. § 1361); the Administrative Procedures Act ("APA") in conjunction with federal question jurisdiction (28 U.S.C. § 1331); and the Declaratory Judgment Act (28 U.S.C. § 2201).

## Venue

Venue lies in Southern District of New York because Contant resides in New York, New York; despite his current incarceration in Pennsylvania. See 28 U.S.C. § 1391(e).

## Parties

- Petitioner, Ison Contant is a national of Trinidad and Tobago, who resides in New York, New York, who filed said I-360 petition with CIS, Vermont which they denied.

- Respondent, Daniel M. Renaud is sued in his official capacity as the Director for CIS, Vermont. Mr. Renaud is the executive official tasked with the adjudication of the I-360 petition at issue herein. Mr. Renaud was the individual that adjudicated and denied the I-360 petition at issue herein. Mr. Renaud is an employee of CIS which is an agency of the United States, and he owed Petitioner a duty to adjudicate the I-360 petition in accordance with U.S. law.

## Cause of Action

1.) CIS INCORRECTLY FOUND THAT CONTANT'S CONVICTION ON DIRECT APPEAL MET THE DEFINITION OF "CONVICTION" FOUND IN THE IMMIGRATION AND NATIONALITY ACT

2.) CIS INCORRECTLY FOUND THAT CONTANT'S GUILTY PLEA ON DIRECT APPEAL MET THE DEFINITION OF "ADMISSION" FOUND IN THE IMMIGRATION AND NATIONALITY ACT

3.) CIS INCORRECTLY FOUND THAT CONTANT'S ARRESTS IN AND OF THEMSELVES AND IN THE ABSENCE OF ANY ADDITIONAL INFORMATION CONSTITUTED SUBSTANTIAL EVIDENCE SO AS TO SUPPORT A FINDING THAT HE HAD COMMITTED "UNLAWFUL ACTS"

4.) CIS INCORRECTLY DENIED CONTANT'S I-360 PETITION WHEN IT BASED THAT DENIAL ON THE INCORRECT FINDING THAT CONTANT HAD A "CONVICTION", AN "ADMISSION", AND HAD COMMITTED "UNLAWFUL ACTS"

Argument

A. CONTANT'S CONVICTION ON DIRECT APPEAL COULD NOT BE USED BY CIS TO PRECLUDE A FINDING OF GOOD MORAL CHARACTER UNDER 8 U.S.C. § 1101(f)

CIS found that Contant's conviction for possession of a controlled substance that was on appeal, precluded a finding of good moral character under 8 U.S.C. §1101(f)(3) and §1101(f)(7). See Exhibit 1, at 2-3.

Sections 1101(f)(3) and 1101(f)(7) bars a good moral character determination when an alien has among other things a "conviction" under the Immigration and Nationality Act ("ACT"), for specified crimes. See § 1101(f)(3), (7).

Contant's conviction was on direct appeal and as such was not final for immigration purposes. See Matter of Ozkok, 19 I. & N. Dec. 546, n.7 (BIA 1988) (stating "[A] conviction does not attain a sufficient degree of finality for immigration purposes until direct appellate review has been exhausted.")

Further, because Contant's conviction was not final, it did not meet the definition of "conviction" under the ACT. See Marino v. INS, 537 F.2d 686 (2d Cir. 1976) (stating "[A]n alien is not deemed to have been convicted of a crime under the Act until his conviction has attained a substantial degree of finality.").

Therefore, because Contant did not have a "conviction" under the ACT, § 1101(f)(3) and § 1101(f)(7) did not bar his establishment of good moral character. CIS's decision holding otherwise, was contrary to law.

**B.** CONTANT'S GUILTY PLEA ON DIRECT APPEAL COULD NOT BE USED BY CIS TO PRECLUDE A FINDING OF GOOD MORAL CHARACTER UNDER 8 U.S.C. § 1101(f)

CIS found that Contant's guilty plea to possession of a controlled substance that was on appeal, precluded a finding of good moral character under 8 U.S.C. § 1101(f)(3). See Exhibit 1, at 2-3; see also Exhibit 2.

Section 1101(f)(3) bars a good moral character determination when an alien has made an "admission" under the ACT, to specified crimes. See § 1101(f)(3).

Contant's guilty plea did not meet the definition of an "admission" (to a crime) under the ACT because it was part of the conviction on appeal which was not a "conviction" under the ACT. See Pinho v. Gonzales, 432 F.3d 193, n.17 (3d Cir. 2005) (holding that guilty plea was not an "admission" under the ACT where plea was made in connection with a conviction that was not a "conviction" under the ACT); Romero v. Holder, 568 F.3d 1054 (9th Cir. 2008) (same).

Therefore, because Contant did not have an "admission" (to a crime) under the ACT; § 1101(f)(3) did not bar his establishment of good moral character. CIS's decision holding otherwise, was contrary to law.

C. CONTANT'S ARRESTS THAT DID NOT RESULT IN CONVICTIONS, IN AND OF THEMSELVES, AND IN THE ABSENCE OF ANY ADDITIONAL INFORMATION DID NOT CONSTITUTE SUBSTANTIAL EVIDENCE TO SUPPORT A FINDING THAT HE HAD COMMITTED UNLAWFUL ACTS.

CIS found that Contant had committed "unlawful acts" and therefore did not possess good moral character based on Contant's arrests that did not result in a conviction. As CIS had no other information other than the fact of the arrest themselves, its conclusion was not supported by substantial evidence and therefore contrary to law. CIS's "unlawful acts" finding is at Exhibit 1, at 3-4.

CIS may consider whether an applicant "has committed unlawful acts that reflect adversely upon his or her moral character, or was convicted or imprisoned for such acts, although the acts do not require an automatic finding of lack of good moral character." 8 CFR § 204.2(c)(I)(vii). Thus, the agency can consider acts that did not lead to conviction and/or imprisonment. However, an agency finding that a person committed such acts must

still be supported by substantial evidence.

In U.S. v. Berry, 553 F.3d 273 (3d Cir. 2009), the Third Circuit held that "[a] mere arrest ... is not evidence that the person arrested actually committed any criminal conduct." Berry supra; See also Padmore v. Holder, 609 F.3d 62 (2d Cir. 2010) (same); Schware v. Board of Examiners, 353 U.S. 232 (1957) (same); In re Catalina Arreguin De Rodriguez, 21 I. & N. Dec. 38, 42 (BIA 1995) (same).

Given the complete lack of any corroboration for the arrest records cited by CIS, the use of those arrests as grounds for a finding that Contant committed unlawful acts and therefore lacked good moral character; was contrary to law.

D. CONTANT'S I-360 PETITION MET ALL ELIGIBILITY REQUIREMENTS AND MUST BE APPROVED

CIS found that Contant met all the requirements for eligibility for classification except the good moral requirement. Since CIS's determination as to good moral character was contrary to law, Contant's I-360 Petition must be approved. See 8 USC § 1154(b) (stating that the petitions must be approved if eligibility is established).

## Request for Relief

Contant request the Court do the following:

(i) Declare that the I-360 Petition met all eligibility criteria

(ii) Order Respondent to approve the I-360 Petition

Respectfully,

*/s/ I. Contant*

ISAN CONTANT
("Petitioner")
I.D. # 69740-067
Moshannon Valley C.C.
555 GEO Drive
Philipsburg, PA 16866

Date: 11/07/2011

## Affidavit

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on 11/07/2011.

Date: 11/07/2011

*/s/ I. Contant*   ISAN CONTANT

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479

Exhibit 1

**U.S. Citizenship and Immigration Services**

August 24, 2009

ISAN KERRY CONTANT
C/O YORK COUNTY PRISON
3400 CONCORD ROAD
YORK PA   17402

A Number: A097532416
File Receipt Number: EAC0818250418
Applicant/Petitioner Name: CONTANT, ISAN KERRY
Beneficiary: CONTANT, ISAN

Dear Sir/Madam:

On June 16, 2008, you filed a Petition for Amerasian, Widow(er) or Special Immigrant (Form I-360) to classify yourself under section 204(a)(1) of the Immigration and Nationality Act ("the Act"), as amended by the Battered Immigrant Women Protection Act of 2000, Public Law 106-386, dated October 28, 2000.

You have not established your eligibility for the desired classification and the United States Citizenship and Immigration Services (USCIS) cannot reach a favorable decision. Therefore, your petition is denied. In arriving at this determination, USCIS has made findings of fact, conclusions of law, and where appropriate, discretionary determinations.

You have established all of the eligibility requirements except number (6) below.

Section 204(a)(1) of the Act, as amended, requires that a self-petitioning spouse must show that he or she:

(1) has a qualifying relationship as the spouse, intended spouse, or former spouse of a citizen or lawful permanent resident of the United States;

(2) is eligible for immigrant classification under section 201(b)(2)(A)(i) of the Act, based on a qualifying relationship with a citizen of the United States; or section 203(a)(2)(A) of the Act, based on a qualifying relationship with a lawful permanent resident of the United States;

(3) is living in the United States; or, if living abroad, the citizen or lawful permanent resident is an employee of the United States government or a member of the uniformed services (as defined in section 101(a) of Title 10, United States Code); or the citizen or lawful permanent resident subjected the self-petitioner or the self-petitioner's child to battery or extreme cruelty in the United States;

(4) has resided with the citizen or lawful permanent resident;

A097532416
EAC0818250418

(5) has been battered by, or has been the subject of extreme cruelty perpetrated by, the citizen or lawful permanent resident during the qualifying relationship; or is the parent of a child who has been battered by, or has been the subject of extreme cruelty perpetrated by, the citizen or lawful permanent resident during the qualifying relationship;

(6) is a person of good moral character; and

(7) entered into the qualifying relationship in good faith.

Paragraph (6) above requires that the self-petitioner establish that he or she is a person of good moral character. In order to establish good moral character for immigration purposes, police clearances or criminal records are generally requested from each place he or she has resided for at least 6 months during the 3-year period before filing the petition. USCIS is not precluded from considering good moral character prior to the 3-year period when such circumstances exist.

As proof to satisfy this requirement, you submitted a criminal history of NYSID #3059788H. This was found to be insufficient as the criminal history report did not indicate the name of the individual's history that was detailed in the report.

On December 10, 2008, USCIS requested all documents relating to the criminal history report including documents that would corroborate the identity of the individual, related police reports, court documentation and final dispositions. You were also asked to submit additional evidence of your good moral character. Details concerning what might be submitted were provided to you.

On March 10, 2009, in response, you submitted a NYS criminal history information report. It is noted that this report did not identify the name of the individual whose criminal history was detailed within the report. However, you also submitted the certificates of disposition which sufficiently corroborate that you are indeed the individual indicated in the NYS criminal history report. You also submitted various club memberships, school records, certificates of merit and letters of recommendation from past acquaintances. It is noted that you did not however, submit the requested police reports pertaining to each incident indicated.

The submitted evidence demonstrates that you were arrested three times in the 3-year period prior to filing your petition. Additionally, you were arrested three separate times in the time period immediately preceding the 3-year period. As previously noted, USCIS is not precluded from considering good moral character prior to the 3-year period when such circumstances exist.

On April 9, 2006, you were arrested for criminal possession of a controlled substance with intent to sell, a felony; criminal possession of a controlled substance/narcotic, a felony; and unlawful possession of marihuana. On August 7, 2007, you were convicted upon pleading guilty to the charge of criminal possession of a controlled substance, a felony, and sentenced to 1 year in prison. It is noted that you have indicated that you are appealing this conviction.

Section 101(f) of the INA lists specific classes of persons who may not be regarded as persons of good moral character, for immigration purposes. Section 101(f)(3) refers to one who is a member of one or

more of the classes of persons, whether inadmissible or not, described in section 212(a)(2). Section 212(a)(2)(A)(i)(II) refers to any alien convicted of, or who admits having committed acts which constitute the essential elements of a violation of any law of the United States relating to a controlled substance.

In addition, Section 101(f)(7) refers to one who during such period has been confined, as a result of a conviction, to a penal institution for an aggregate period of one hundred and eighty days or more, regardless of whether the offense, or offenses, for which he has been confined were committed within or without such period.

In view of the above, you can not be found to be a person of good moral character in accordance with Section 101(f).

Your criminal record also includes the following incidents:

On April 2nd, 2007, you were arrested for robbery-3rd degree, a Class D felony. You were also charged with 3rd degree assault with intent to cause physical injury, a misdemeanor, and criminal possession of stolen property, also a misdemeanor. On April 3rd, 2007, you were arraigned on the following charges: robbery causing physical injury, a felony; robbery-3rd degree, a felony; grand larceny: property taken from person, a felony; assault 3rd degree: with intent to cause physical injury, a misdemeanor; petit larceny, a misdemeanor; criminal possession of stolen property, a misdemeanor; and menacing, a misdemeanor. These charges were ultimately dismissed due to failure to provide a speedy trial.

On November 21, 2005, you were arrested and arraigned the following day for robbery aided by another, a felony; robbery causing physical injury, a felony; robbery-3rd degree, a felony; grand larceny, a felony; assault 3rd degree, petit larceny, both misdemeanors; and harassment with physical contact, a violation. On May 16, 2006, these charges were dismissed.

8CFR 204.2(c)(1)(vii) states, in part:

> A self-petitioner will also be found to lack good moral character...(he or she) committed unlawful acts that adversely reflect upon his or her moral character, or was convicted or imprisoned for such acts, although the acts do not require an automatic finding of lack of good moral character. A self-petitioner's claim of good moral character will be evaluated on a case-by-case basis, taking into account the provisions of 101(f) of the Act and the standards of the average citizen in the community.

As a matter of discretion, this office does consider the incidents of April 3, 2007, and November 21, 2005, in its determination regarding your moral character. The record shows that in addition to the misdemeanor charges, in both incidents you were charged with robbery causing physical injury, and grand larceny, both felonies. It is acknowledged that you were not convicted as a result of these charges, however, in accordance with the statute and regulation cited above, such incidents may be considered, regardless of whether or not they resulted in a conviction.

Additionally, the record demonstrates that you were arrested on 3 additional occasions as follows:

On April 29, 2005, you were arrested and arraigned the following day on criminal possession of a controlled substance, a misdemeanor. On October 31, 2005, you were convicted upon a plea of guilty of

disorderly conduct.

On November 10, 2004, you were arrested for intent to obtain transportation without paying, a misdemeanor.

On July 17, 2004, you were arrested for criminal possession of a narcotic drug with intent to sell, a felony, and disorderly conduct. On July 18, 2004, you were convicted upon a plea of guilty of disorderly conduct. You were not arraigned on the narcotic possession charge.

It is noted that the submitted club membership certificates, school records, certificates of merit and letters of recommendation from past acquaintances speak favorably on your behalf. However, this evidence does not carry sufficient weight to overcome the severity of your offenses.

As a matter of discretion, and in consideration of the entire record, this office does not find that the record demonstrates your qualification under this requirement.

In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefits sought. See Matter of Brantigan, 11 I. & N. Dec. 493 (BIA 1966).

In view of the above, the petition is denied.

If you disagree with this decision, or if you have additional evidence you believe shows the decision to be in error, you may appeal this decision by filing a completed Form I-290B with the Vermont Service Center within 33 days from the date of this notice. A copy of Form I-290B, Notice of Appeal or Motion, is enclosed for your use. You may also include a brief or other written statement in support of your appeal. If an appeal is not filed within the time allowed, this decision is final. While the Administrative Appeals Office (AAO) will decide your appeal, it must be sent to the Vermont Service Center with a filing fee of $585.00 to the following address:

Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479

For more information about the filing requirements for appeals, please see 8 CFR §103.3, visit the USCIS website at www.uscis.gov, or contact the automated Form Request Line by calling 1-800-870-3676.

A097532416
EAC0818250418

FINAL NOTE: Title 8, Code of Federal Regulations, Section 265.1 states in pertinent part, "Except for those exempted by section 263(b) of the Act, all aliens in the United States required to register under section 262 of the Act shall report each change of address and new address within 10 days on Form AR-11."

Sincerely,

*[signature]*

Daniel M. Renaud
Center Director

ENCLOSURES: I290B

Exhibit 2



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479

**U.S. Citizenship and Immigration Services**

July 8, 2010

A Number: A097532416
File Receipt Number: EAC0925650005

ISAN KERRY CONTANT
3400 CONCORD ROAD
YORK PA 17402

Applicant/Petitioner Name: ISAN KERRY CONTANT

Dear Sir/Madam:

This refers to your motion filed on September 28, 2009. You seek the reopening or reconsideration of the decision rendered by the United States Citizenship and Immigration Services (USCIS) on August 24, 2009, denying or revoking the I-360 petition filed by you on June 16, 2008.

Title 8, Code of Federal Regulations, part 103.5 provides that a motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. Further, a motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or service policy.

Your statement, submitted with your motion, indicates that you were not provided opportunity to overcome insufficiencies with the existing record prior to denial because you were not issued a Notice of Intent to Deny (NOID). USCIS acknowledges that a NOID was not issued with your case. USCIS chose instead to issue a Notice of Action in order to provide you with sufficient time and opportunity to submit evidence and/or to refute any negative evidence in order to establish your eligibility for the benefit sought.

Your statement also indicates that you did not commit any number of the acts that resulted in your arrests, however, you have not specified which acts, or corroborated your statement with documentation that positively reinforces your claim. You also state that since one of your convictions is currently being appealed, it should not be considered towards establishing your moral character. Please note that, for the purposes of discretionary assessment, even though you are appealing the conviction, the fact that you plead guilty to the charge of Criminal Possession of a Controlled Substance, has weight in determining your moral character.

Please note that:

> Section 101(f) of the INA lists specific classes of persons who may not be regarded as persons of good moral character, for immigration purposes. Section 101(f)(3) refers to one who is a member of one or more of the classes of persons, whether inadmissible or not, described in section 212(a)(2). Section 212(a)(2)(A)(i)(II) refers to any alien convicted of, or who admits having committed acts which constitute the essential elements of a violation of any law of the United States relating to a controlled substance.

FOR OFFICE USE ONLY
S

www.uscis.gov

Page 2
A097532416
EAC0925650005

It is noted that you have resubmitted copies of club membership certificates, school records, certificate of merit and letters of recommendation from past acquaintances. As stated in our denial of August 24, 2009, these documents speak favorably on your behalf. However, this evidence does not carry sufficient weight to overcome the severity of your offenses.

In summary, your motion does not provide new facts nor does the submitted evidence establish that the decision was incorrect based on the evidence of record at the time of the initial decision. Therefore, your motion is hereby dismissed per 8 CFR 103.5(a)(4).

Sincerely,

Daniel M. Renaud
Center Director

Enclosure(s)